

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

FIRST BANK AND TRUST,
*a Louisiana Banking Corporation*                                    **PLAINTIFF**

**VERSUS**                                    CIVIL ACTION NO. 3:08cv685-TSL-JCS

EMPLOYERS MUTUAL CASUALTY
COMPANY and JOHN DOES 1-10                                    **DEFENDANTS**

## COMPLAINT

## JURY TRIAL DEMANDED

COMES NOW, First Bank and Trust, a Louisiana banking corporation, by and through its attorneys, Rushing & Guice, P.L.L.C., and brings this action against Employers Mutual Casualty Company and John Does 1-10, and in support of its good cause of action, would state unto the Court and give notice of the following, to-wit:

## PARTIES

I.

First Bank and Trust is a banking corporation organized and existing pursuant to the laws of the State of Louisiana, having its principal banking house in New Orleans, Louisiana.

II.

The Defendant, Employers Mutual Casualty Company, is an insurance company with its principal place of business in Des Moines, Iowa and is incorporated pursuant to the laws of the State of Iowa. It is authorized to do business within the State of Mississippi and is in fact doing business in the State of Mississippi. It may be served with process by service upon its registered agent, Mr. Frankie Box, 877 Northpark Drive, Ridgeland, Mississippi, 39157, or by service of process upon its designated agent, the Commissioner of Insurance of the State of Mississippi.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

III.

The Defendants, John Does 1-10, are nominal Defendants whose name and location are unknown to Plaintiff at this time.

## JURISDICTION AND VENUE

IV.

This Court has jurisdiction of the parties and the subject matter, pursuant to 28 U.S.C. § 1332, as there exists diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

V.

Venue is proper under 28 USC 1391(a)(2) because a substantial part of the events giving rise to the claim took place in the Southern District of Mississippi and the Defendant is qualified to do business in the state of Mississippi and is in fact doing business in the state of Mississippi.

## STATEMENT OF FACTS

VI.

On or about May 25, 2001, Jackson Hospitality, LLC, a Mississippi limited liability company, executed a Promissory Note in favor of First Bank and Trust ("FB&T") in the principal amount of Two Million, Four Hundred Thousand Dollars ($2,400,000.00), a copy of which is attached hereto as Exhibit "A." Said Note was secured by a Deed of Trust of even date therewith, which Deed of Trust was in favor of FB&T as beneficiary granting a security interest in and the title in trust to Dean E. Haines as trustee to the following described property:

> Being situated in Lots 2 and 3 of Harvey Place, a subdivision, the map or plat of which is recorded in Plat Book "B" at Page 89 of the Chancery Records of Hinds County at Jackson, Mississippi and being further described as being situated in the Northeast 1/4 of Section 7, Township 5 North, Range 1 East, City of Jackson, Hinds

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

County, Mississippi, and being more particularly described by metes and bounds as follows, to-wit:

Commence at the intersection of the southern right of way line of U S Highway No. 80 and the western right of way line of Ellis Avenue and run thence South 00" 12' 33" West for a distance of 150.0 feet along the said western right of way line of Ellis avenue to the southeast corner of the BP Oil, Inc. property, as recorded in Deed Book 3066 at Page 718 of the said Chancery Records of Hinds County and the POINT OF BEGINNING for the parcel herein described; then leave said western right of way line of Ellis Avenue and run North 60° 17' 37" West for a distance of 9.08 feet; thence North 89° 47' 53" West for a distance of 101.53 feet; thence North 60° 17' 37" West for a distance of 74.19 feet; thence North 00° 04' 48" East for a distance of 43.22 feet; thence North 89° 47' 27" West for a distance of 125.0 feet; thence South 00° 12' 33" West for a distance of 44.89 feet; thence North 89° 47' 27" West for a distance of 150.63 feet; thence North 00° 54' 33" East for a distance of 363.16 feet to the said southern right of way line of U.S. Highway No. 80; thence North 60° 14' 27" West for a distance of 57.48 feet along the said southern right of way line; thence leave said southern right of way line of U.S. Highway No. 80 and run South 01° 04' 41" West for a distance of 225.0 feet; thence North 89° 47' 27" West for a distance of 133.55 feet to a point on the eastern property line of the Holiday Inn parcel; thence South 00° 51' 33" West for a distance of 769.03 feet along the said eastern property line of the Holiday Inn parcel and the extension thereof to the northern right of way line of Interstate Highway No. 20; thence North 61° 41' 58" East for a distance of 208.70 feet along the said northern right of way line to a point on the western line of Lot 6 of Block "C" of Cheswood Park Subdivision - Part III, the map or plat of which is recorded in Plat Book 13 at Page 47 of the said Chancery Records of Hinds County; thence run North 00° 50' 59" East for a distance of 1.68 feet along the said northern right of way line of Interstate Highway No. 20 and the said western line of Lot 6 to a point that is South 00° 50' 59" West a distance of 111.4 feet from the northwest corner of the said Lot 6; thence North 62° 33' 12" East for a distance of 98.24 feet along the said northern right of way line of Interstate Highway No. 20 to a point that is located 60.0 feet northwesterly of and perpendicular to the base line survey for the northwest ramp of the I-20/Ellis Avenue interchange at station 466+79.21 as shown on the plans for Federal Aid Project No. 53-0020-01-013-10; thence North 58° 49' 10" East for a distance of 132.38 feet along the said northern right of way line of Interstate Highway No. 20 to the northeast corner of Lot 4 of the said Block "C" of Cheswood Park Subdivision - Part III; thence North 89° 17' 59" East for a distance of 140.0 feet along the northern line of the said Block "C" of Cheswood Park Subdivision - Part III to the northeast corner of Lot 2 of the said Block "C" of Cheswood Park Subdivision - Part III; thence North 32° 34' 22" East for a distance of 86.88 feet along a right of way flare to a point which is located 60.0 feet westerly of and perpendicular to the base line for the northwest ramp of the I-20/Ellis Interchange at Station 472-51.8 as shown on the said plans for Federal Aid Project No. 53-020-01-013-10; thence North 28° 21' 11" East for a distance of 150.65 feet along a right of way flare to the said western right of way line of Ellis

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

Avenue; thence North 00° 12' 33" East for a distance of 138.88 feet along the said western right of way line of Ellis Avenue to the POINT OF BEGINNING, containing 7.3040 acres, more or less.

A copy of said Deed of Trust is attached hereto as Exhibit "B."

VII.

Said loan was renewed and extended on or about August 25, 2006 by a Note in favor of FB&T in the principal amount of One Million, Eight Hundred Fourteen Thousand, Five Hundred Seventy-Two Dollars and Seventy-Nine Cents ($1,814,572.79), a copy of which is attached hereto as Exhibit "C."

VIII.

Based on information and belief, at all times mentioned herein, the members of Jackson Hospitality, LLC, were Jayantilal Chauhan and Jekishan Chauhan.

IX.

At all times mentioned herein, Jackson Hospitality, LLC did business as the Jacksonian Inn, a hotel facility providing lodging to the general public in Jackson, Mississippi.

X.

The Deed of Trust required, among other things, that Jackson Hospitality, LLC, maintain casualty insurance on the property and as a result, Jackson Hospitality, LLC, d/b/a Jacksonian Inn did enter into a policy of insurance with the Defendant, Employers Mutual Casualty Insurance, being policy number 2A9-23-81–06 wherein the property was insured in the amount of One Million, Two Hundred Thousand Dollars ($1,200,000.00) as to the structure; Thirty-Five Thousand Dollars ($35,000.00) as to the sign; Ninety Thousand Dollars ($90,000.00) as to personal property; and One Million Dollars ($1,000,000.00) as to business income as required by the Deed of Trust. Listed on said policy was First Bank and Trust as a mortgagee showing a special interest in the property.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

XI.

On or about August 29, 2005, the property was damaged as a result of Hurricane Katrina and after protracted litigation on the part of Jackson Hospitality, LLC and Gayatari Hospitality, LLC, an additional named insured, in Civil Action No. 3:06cv00525-DPJ-JCS styled *Employers Mutual Casualty Company v. Gayatri Hospitality, LLC and Jackson Hospitality, LLC d/b/a Jacksonian Inn* in the United States District Court for the Southern District of Mississippi, Jackson Division, a suit initiated by Employers Mutual Casualty Company seeking declaratory relief under the policy, a settlement was reached between Jackson Hospitality, LLC and Employers Mutual Casualty Company. Based upon information and belief, said settlement was in the total amount of One Million, Two Hundred Thousand Dollars ($1,200,000.00). Said settlement was reached on or before the 4th of March, 2008 and the underlying case was dismissed by order of the United States District Court for the Southern District of Mississippi dated March 4, 2008, a copy of which is attached hereto as Exhibit "D."

XII.

First Bank and Trust should have been named as a payee of any funds tendered to settle the policy dispute and the above-described lawsuit. Payment was made to Jackson Hospitality, LLC. None of the proceeds were tendered to FB&T.

XIII.

A recovery from a casualty where there existed a mortgage clause is for the benefit first of the mortgagee and the mortgagee is entitled to the entire proceeds of the policy, without deduction for costs, fees or expenses. The attorneys for Jackson Hospitality, LLC were not entitled to any payment from the settlement proceeds unless prior approval was first obtained from FB&T, which in this case, no such approval or engagement was obtained. At all times mentioned herein, the

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

proceeds of the policy were not tendered to FB&T and to the knowledge of FB&T, FB&T was not included on the check for the settlement proceeds as is required.

XIV.

At all times mentioned herein, Defendant Employers Mutual Casualty Company had a duty to include FB&T on any payment or settlement with respect to the insurance proceeds and failed to do so. At all times mentioned herein, Defendant Employers Mutual Casualty Company breached its duties owed to FB&T, breached the terms of its policy and acted negligently in the premises.

XV.

The Deed of Trust provides, among other things, that the Lender at its election may receive and retain the proceeds of any insurance and apply the proceeds to reduce the indebtedness, payment of any lien affecting the property, or the restoration and repair of the property. Such options are purely at the discretion of FB&T. FB&T would elect to reduce the indebtedness. Employers Mutual Casualty Company's failure to tender the policy proceeds to FB&T is a breach of the insurance contract.

XVI.

There is presently due under the Note and Deed of Trust a balance as of October 31, 2008 of One Million, Three Hundred Sixty Thousand, Eighty-One Dollars and Twenty-One Cents ($1,360,081.21). The Note is in default.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

XVII.

FB&T incorporates herein each and every allegation made in paragraphs I through XVI above.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

XVIII.

At all times mentioned herein, Defendant Employers Mutual Casualty Company owed a uty to FB&T to include FB&T in any and all payments with respect to the above-referenced policy of insurance. Employers Mutual Casualty Company, despite intimate knowledge of the policy, failed to include FB&T in the disbursement of proceeds and thereby breached its duty owed to FB&T.

XIX.

As a result of the wrongful actions of Employers Mutual Casualty Company, FB&T has been damaged in the amounts set forth herein and has suffered direct damage in the amount of One Million, Two Hundred Thousand Dollars ($1,200,000.00) and certain consequential damages to be proved at trial including, but not limited to, attorneys' fees, costs and loss of interest earnings on its money.

XX.

FB&T requests a judgment against Employers Mutual Casualty Company for the amounts set forth in the Damages paragraph herein.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

XXI.

FB&T incorporates by reference the allegations contained in paragraphs I through XX above.

XXII.

At all times mentioned herein, Employers Mutual Casualty Company had a duty to protect the interests of FB&T with respect to the disbursement of proceeds. The agents and employees of Employers Mutual Casualty Company acting while in the course and scope of their agency and employment, did act negligently in that said agents and employees failed to properly include FB&T

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

in the settlement referenced above as is the custom and practice in the industry and as is required by the agreements of the parties.

## XXIII.

As a result of the negligence of Employers Mutual Casualty Company, FB&T has suffered damages as set forth in the Damages paragraph herein. FB&T is entitled to a judgment against Employers Mutual Casualty Company for the damages it has suffered.

## THIRD CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

## XXIV.

FB&T incorporates by reference the allegations contained in paragraphs I through XXIII above.

## XXV.

Implied in every contract in Mississippi is the covenant of good faith and fair dealing. Employers Mutual Casualty Company has breached the covenant of good faith and fair dealing which it owes to FB&T. As a result, FB&T has been damaged.

## XXVI.

Employers Mutual Casualty Company has breached the covenant of good faith and fair dealing owed to the FB&T by acting intentionally and/or with such gross negligence so as to constitute an intentional tort, and as a result Employers Mutual Casualty Company owes FB&T punitive damages as set forth herein.

## XXVII.

As a result of Employers Mutual Casualty Company's breach of the covenant of good faith and fair dealing, FB&T has been damaged in the amount set forth in the "Damages" paragraph below,

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

including, but not limited to, the amount set forth in the "Punitive Damages" paragraph set forth below.

## FOURTH CAUSE OF ACTION

### ATTORNEYS' FEES

XXVIII.

FB&T incorporates by reference the allegations contained in paragraphs I through XXVII above.

XXIX.

FB&T is entitled to an award of attorneys' fees against Employers Mutual Casualty Company as a result of the wrongful actions of Employers Mutual Casualty Company and as a consequential damage to the negligence and gross negligence of Employers Mutual Casualty Company.

## FIFTH CAUSE OF ACTION

### PUNITIVE DAMAGES

XXX.

FB&T incorporates by reference the allegations contained in paragraphs I through XXIX above.

XXXI.

At all times mentioned herein, the Defendant, Employers Mutual Casualty Company, acted intentionally or with actual malice, and such gross negligence so as to evidence a willful, wanton, or reckless disregard for others, or committed actual intentional wrongs, and such actions were so oppressive and overbearing that in order to punish the wrongdoer and deter similar misconduct in the future, the Defendant should be subject to punitive damages consistent with the statutory scheme in the State of Mississippi. Specifically, after considering the Defendant's financial condition and net

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

worth, the nature and reprehensibility of the Defendant's wrongdoing, the Defendant's awareness of the amount of harm being caused, and the Defendant's motivation in causing such harm, the duration of the Defendant's misconduct and attempts to conceal such misconduct, Defendants should be subject to punitive damages in an amount to be proven at trial, but not less than Four Million, Eighty Thousand Dollars ($4,080,000.00).

## DAMAGES

### XXXII.

FB&T incorporates by reference the allegations contained in paragraphs I through XXXI above.

### XXXIII.

As a result of the wrongful actions of the Defendant herein, FB&T has been damaged in the amount of One Million, Three Hundred Sixty Thousand, Eighty-One Dollars and Twenty-One Cents ($1,360,081.21) as of October 31, 2008, which amount is accruing interest at the rate of twenty-one percent (21%) per annum from said date. In addition thereto, FB&T is entitled to attorneys' fees in the full amount of any award of not less than twenty-five percent (25%) of said amount. FB&T is entitled to such other consequential damages as may be proven at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, First Bank and Trust prays for Judgment against the Defendant, Employers Mutual Casualty Company, as follows:

1. A judgment for First Bank and Trust and against Employers Mutual Casualty Company for One Million, Two Hundred Thousand Dollars ($1,200,000.00);

2. A judgment in favor of First Bank and Trust and against Employers Mutual Casualty Company for punitive damages in the amount not less than Four Million, Eighty Thousand Dollars ($4,080,000.00);

3. A judgment in favor of First Bank and Trust and against Employers Mutual Casualty Company for such consequential damages as may be proven at trial;

4. A judgment in favor of First Bank and Trust and against Employers Mutual Casualty Company for Plaintiff's reasonable attorneys' fees;

5. That the judgment should bear interest at the rate of twenty-one percent (21%) per annum until paid;

6. That First Bank and Trust be awarded prejudgment interest from the date of the payment of said One Million, Two Hundred Thousand Dollars ($1,200,000.00) to Jackson Hospitality, LLC;

7. That Plaintiff be awarded all costs of this cause; and

8. That Plaintiff be granted such other relief as this Court may grant in the premises.

Respectfully submitted, this the 6th day of November, 2008.

FIRST BANK AND TRUST, Plaintiff

BY: /s/ William Lee Guice III

WILLIAM LEE GUICE III
MS BAR NO. 5059
RUSHING & GUICE, P.L.L.C.
POST OFFICE BOX 1925
BILOXI, MS 39533-1925
PHONE:   228-374-2313
FAX:   228-875-5987
bguice@rushingguice.com

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

W:\7875\Working Files\Pleadings\Complaint against EMCC.wpd

11