```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION
```

FIRST BANK AND TRUST                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:08CV685TSL-FKB

EMPLOYERS MUTUAL CASUALTY COMPANY                                DEFENDANT/
                                                          THIRD-PARTY PLAINTIFF
VS.

JYANT DESAI, GAYATRI HOSPITALITY,
JEKISHAN CHAUHAN, JAYANTILAL CHUAHAN,
BHARTI CHAUHAN, CHANCAL CHAUHAN, JACKSON
HOSPITALITY, LLC, MAISON HEIDELBERG, P.A.,
MAISON HEIDELBERG, ESQ., GINNY KENNEDY,
ESQ., NILES, BORQUE, FONTANA & RICE, LLC,
STUART NILES, ESQ., AND DEATON AND
DEATON, P.A., AND JOHN DOES 1-10             THIRD-PARTY DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Maison Heidelberg, P.A., Maison Heidelberg, Esq., Ginny Kennedy, Esq., Niles, Bourque, Fontana & Rice, LLC, and Stuart Niles, Esq. (Heidelberg and Niles) to dismiss Employers Mutual Casualty Company's second amended third-party complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 14(a). Defendant/third-party plaintiff Employers Mutual Casualty Company (EMCC) has responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes the motion is well taken and should be granted.

According to the allegations of the complaint filed in this cause by First Bank and Trust (FB&T), in 2001, Jackson

Hospitality, LLC, which owned a local hotel, the Jacksonian Inn, executed a promissory note in favor of FB&T which was secured by a deed of trust granting the bank a security interest in the Jacksonian Inn.  FB&T's deed of trust required that the Jacksonian Inn be insured.  Consistent with a requirement that the property be insured, Jackson Hospitality, LLC, and Gayatri, LLC, which operated the hotel, secured an insurance policy on the property from EMCC, which policy listed FB&T as loss payee.

Following Hurricane Katrina, Jackson Hospitality submitted to EMCC a proof of loss, claiming coverage for damages sustained to the property as a result of the hurricane.  The proof of loss identified FB&T as having an interest in the property.  EMCC denied the claim and filed an action against Jackson Hospitality and Gayatri Hospitality seeking a declaratory judgment that the claimed loss was not covered by the policy.  Jackson Hospitality and Gayatri, represented by Heidelberg and Niles, asserted a counterclaim against EMCC for bad faith denial of the claim. Prior to trial, the parties reached a settlement by which EMCC agreed to pay $1,200,000 to settle the claims and the case was dismissed.

Following execution of a release agreement, EMCC transmitted the settlement check to counsel for Jackson Hospitality, Mason Heidelberg, P.A., which disbursed the funds directly to the insureds; none of the settlement proceeds were paid to FB&T.

Subsequently, in November 2008, after Jackson Hospitality defaulted on its loan with FB&T, FB&T filed the present action against EMCC for failure to pay FB&T in accordance with the terms of the policy, claiming that as "loss payee" in the policy, it was entitled to the settlement funds.

On November 11, 2009, EMCC filed a third-party complaint against, *inter alia*, Heidelberg and Niles, alleging various tort claims, all of which are ultimately premised on EMCC's allegation that Heidelberg and Niles, as the insureds' attorneys in connection with the insurance litigation and the settlement thereof, owed a duty to EMCC to ensure that FB&T's lien was satisfied from the settlement proceeds. More specifically, EMCC's second amended third-party complaint purports to assert four causes of action against Heidelberg and Niles, for the following: (1) negligence and (2) breach of the duty of good faith and fair dealing based on allegations that these defendants breached both their duty to advise EMCC how they intended to distribute the settlement funds and their duty to satisfy FB&T's lien from the settlement proceeds; for (3) conversion, based on allegations that the settlement funds, having been transmitted to Mason Heidelberg, P.A. "in trust," remained the property of EMCC until distributed to the proper parties, and that by failing to disburse the funds to the proper party, i.e. FB&T, and by instead disbursing the funds to themselves, defendants wrongfully converted EMCC's funds;

3

and (4) for breach of fiduciary duty, based on allegations that because EMCC transmitted the settlement funds to Maison Heidelberg, P.A. to be held "in trust," the moving defendants owed EMCC a fiduciary duty to ensure the funds were properly disbursed, to ensure that EMCC's interests were protected in the disbursement of the funds, and to advise EMCC, prior to the disbursement of the settlement funds, that FB&T had an existing mortgage lien on the subject property, which duties defendants breached.[1]

Heidelberg and Niles have moved to dismiss EMCC's third-party complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 14(a), contending that the claims asserted by EMCC are not proper in the context of a third-party action because Mississippi law does not recognize a claim for contribution in the circumstances presented and because the third-party complaint fails to state a cause of action against Heidelberg & Niles for indemnity.

---

[1] In addition, EMCC's third-party complaint purports to assert claims against the "Chauhan/Desai" third-party defendants (i.e., the insureds and affiliated individuals) for negligence and breach of the duty of good faith and fair dealing, breach of contract, conversion, conspiracy and fraud, the last of these claims being based on EMCC's charge that in the release signed as part of the settlement agreement, the "Chauhan/Desai" third-party defendants misrepresented that they were the "sole parties in interest in and to all claims" and that "no other insurance company or other entity whatsoever has any lien or right to any of the above amount paid to the Releasors by the Released Parties."

4

Rule 14(a) of the Federal Rules of Civil Procedure states:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. Proc. 14(a). Under this rule, a third-party claim must be for some form of derivative or secondary liability of the third-party defendant to the third-party plaintiff. The Fifth Circuit discussed this concept at length in <u>United States v. Joe Grasso & Son, Inc.</u>, 380 F.2d 749 (5th Cir. 1967), in which the court wrote:

> [A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does rise out of the same general set of facts as the main claim.
>
> The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held that for impleader to be available the third party defendant must be "liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff." Stating the same principle in different words, other authorities declare that the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant. Whichever expression is preferred, it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim.

5

380 F.2d at 751-52 (citations omitted). "Typically, this requirement that the third-party claim be for derivative or secondary liability is met by an allegation of a right of indemnity, contribution, subrogation or warranty." Neal v. 21st Mortg. Corp., 601 F. Supp. 2d 828, 830 (S.D. Miss. 2009).

Heibelberg and Niles argue in the motion to dismiss that since Mississippi law does not allow a defendant to seek contribution from a joint tortfeasor who has not been sued by the plaintiff, see Neal, 601 F. Supp. 2d at 830, and since EMCC's third-party complaint fails to state a claim against Heidelberg and Niles for indemnity, then the third-party complaint must be dismissed. EMCC argues in response that Heidelberg and Niles' motion is based on a mistaken premise, i.e., that a third-party complaint is proper only if it asserts a cognizable claim for contribution or indemnification. EMCC acknowledges that it has not asserted a claim for contribution or indemnification against Heidelberg and Niles; but it submits that such a claim is not necessary for the viability of its third-party complaint. According to EMCC, the specific theory of recovery is irrelevant, so long as its third-party complaint asserts a claim of derivative or secondary liability against Heidelberg and Niles, which it submits is the case. See Wright & Miller, Federal Practice and Procedure § 1446 ("The secondary or derivative liability notion is central [to a Rule 14(a) impleader] and it is irrelevant whether

the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory.").

FB&T's position on the main claim is that EMCC violated FB&T's rights under the policy and under the law by paying the policy proceeds without acknowledging and protecting FB&T's interest as loss payee. EMCC's principal position, as set forth in its response to the present motion, is that its failure to take appropriate steps to protect FB&T's interest is attributable to Heidelberg and Niles' having represented and warranted in the settlement agreement that "no other insurance company or other entity whatsoever has any lien or right to any of the above amount paid to the Releasors by the Released Parties," and that the insureds were "the sole parties in interest in and to all claims." EMCC argues that this is clearly the kind of derivative or secondary liability to which Rule 14(a) applies, reasoning that if it is exposed to liability to FB&T because Heidelberg and Niles made misrepresentations, then it should be able to pursue its third-party claim against Heidelberg and Niles for such misrepresentation.

In the court's opinion, EMCC's characterization of any part of its third-party complaint as asserting claims against Heidelberg & Niles based on derivative or secondary liability is not well grounded. In paying benefits for loss to the mortgaged

7

property, EMCC had an independent duty to protect FB&T's interest in the property; and regardless of the specific theories or causes of action asserted, the claims by which EMCC seeks to impose liability on Heidelberg and Niles are not derivative of any liability EMCC may have for a breach of that duty but rather are separate and independent. Cf. City of Orange Beach, Ala. v. Scottsdale Ins. Co., 166 F.R.D. 506, 511 (S.D. Ala. 1996) (where main action was claim by insured against its insurer for bad faith failure to settle underlying claim against insured, court held that insurer's third-party complaint for fraud and legal malpractice brought against attorney for insured in underlying action based on allegations that attorney failed to protect insurer's interests, were separate and independent claims that could not serve as a proper impleader claim under Rule 14(a) since insurer had an independent duty to fully investigate claims made against its insured and could be held liable for negligent and/or bad faith failure to settle regardless of any fraud or legal malpractice committed by attorneys). Certainly, that is the case with respect to EMCC's claims for negligence, breach of the duty of good faith and fair dealing, breach of fiduciary duty and conversion.[2]

---

[2] The court notes that there is no allegation that Heidelberg and Niles were parties to any agreement with EMCC and hence no apparent factual basis for EMCC's claim against them for breach of the duty of good faith and fair dealing. Nor, in the court's opinion, is any supportable basis asserted relative to

8

As for EMCC's putative claim that Heidelberg and Niles are derivatively liable on account of a false misrepresentation that FB&T had no interest in the property, EMCC seizes on the fact that the release document executed by the parties in connection with the settlement of the underlying insurance litigation uses the term "warrants" as describing the representation by the "Releasors" that they had the sole interest in the property. Specifically, the release recites that the Releasors "stipulate and warrant" that no other entity has any right to any of the insurance proceeds. EMCC notes that third-party claims may sometimes be based on "warranties," see Neal, 601 F. Supp. 2d at 830, and argues that it has clearly asserted a proper third-party claim against the movants based on their warranties as set forth in the release document. However, even if such a claim might in theory be the kind of third-party claim cognizable under Rule 14(a), EMCC's third-party complaint in this case plainly does not purport to seek recovery against Heidelberg and Niles on the basis of any alleged misrepresentation or warranty. To be clear, a

---

EMCC's putative breach of fiduciary duty claim. The claim for breach of fiduciary duty is evidently based on EMCC's assertion that because it tendered the settlement funds to Heidelberg and Niles "in trust," Heidelberg and Niles owed EMCC a fiduciary duty to ensure that EMCC satisfied its legal obligation to protect FB&T's claimed interest in the insurance proceeds. In the court's view, while Heidelberg and Niles may have had a duty to disburse the settlement funds *in accordance with the parties' instructions*, it was not their duty to provide EMCC with legal advice or otherwise ensure that EMCC protected FB&T's interest. That was instead EMCC's (and EMCC's own attorneys') duty.

9

review of EMCC's pleading confirms that EMCC has alleged that "*the 'Chauhan/Desai Third Party Defendants'* breached the contract of insurance by intentionally concealing the existence of a lien, misrepresenting to EMCC in the Release that no liens existed on the subject property, and refusing to use the settlement funds to satisfy Plaintiff's lien."  *But no such allegation is made as to Heidelberg and Niles*.[3]  And even if such a claim had been asserted, the fact is, Heidelberg and Niles were not parties to the release and certainly did not purport to make any representations or warranties therein.  The only parties to the release agreement were the insureds and EMCC.  Moreover, only the "Releasors" purport to make any representations or warranties, and

---

[3]  The insureds have offered testimony of Dan Watsky, the FB&T employee with whom they dealt, that the Bank had agreed to allow the insureds to use the settlement funds to repair the property.  FB&T does not deny that Watsky told the insureds they could use the settlement monies for the repairs; but it claims that it never intended that the settlement/policy proceeds be paid directly to the insureds, but rather, in keeping with Bank policy, it intended that the proceeds would be paid to the Bank, which would in turn disburse funds to the insureds.  The court has previously denied cross-motions for summary judgment by FB&T and EMCC on the main claim.  The court here would simply note that there is certainly substantial evidence in the record from which one could find that the insureds reasonably believed that they had FB&T's permission to receive the full amount of the settlement to apply to repairs, and hence, that there was no actionable intentional or negligent misrepresentation.  Moreover, particularly given that FB&T was identified in the proof of loss as having an interest in the property, one could legitimately question EMCC's claim that it relied on its insureds' representation in the release document that no other entity had an interest in the property.

the document explicitly identifies the "Releasors" as "Gayatri Hospitality LLC and Jackson Hospitality LLC d/b/a Jacksonian Inn." No one with Heidelberg and Niles is identified as a "Releasor" in the agreement, nor does anyone with Heidelberg and Niles purport to make any representations or warranties in the agreement. The document does contain the signature of an attorney with Heidelberg and Niles, but only as "Agreed to and Approved by," and only in her capacity as a representative of Heidelberg and Niles' clients, EMCC's insureds.

In sum, therefore, based on all of the foregoing, the court concludes that EMCC has failed to assert a cognizable claim against Heidelberg & Niles in its third-party complaint and therefore, the motion to dismiss these defendants with prejudice will be granted.

SO ORDERED this 7th day of May, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

11