**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**FIRST BANK AND TRUST**                                            **PLAINTIFF**

**V.**                                            **CAUSE NO. 3:08-CV-685-CWR-LRA**

**EMPLOYERS MUTUAL CASUALTY COMPANY**                          **DEFENDANT**

**V.**

**JAYANT DESAI, GAYATRI HOSPITALITY,
JEKISHAN CHAUHAN, JAYANTILAL
CHAUHAN, BHARTI CHAUHAN, CHANCAL**                 **THIRD-PARTY DEFENDANTS**
**CHAUHAN, JACKSON HOSPITALITY, LCC,
JOHN DOES 1-10**

## ORDER

Some three years after its genesis, the long, complicated case memorialized by the above-noted styling is before the Court on its only remaining motion: that of Maison Heidelberg, P.A., and Niles, Bourque, and Fontana, LLC, to dismiss the third-party complaint of Gayatri Hospitality, LLC, Jackson Hospitality, LLC, Jayant Desai, Jekishan Chauhan, Jekishan Chauhan, Bharti Chauhan, and Chancal Chauyhan. This Court's review of the parties' arguments and the authorities governing the matters raised has led to the conclusion that the motion must be denied.

## FACTS

In the related case styled *Employers Mutual Casualty Company v. Maison Heidelberg, P.A.*, No. 3:10-cv-00616-CWR-LRA, the Court entered an Order[1] granting summary judgment which thus recounted these relevant facts:

---

[1] Order Granting Summary Judgment [Docket No. 78] in *Empl. Mut. Cas. Co. v. Maison Heidelberg, P.A.*, 2011 WL 4478976 (S.D. Miss. Sept. 26, 2011) (Reeves, J.) (hereinafter "EMCC Order").

Jackson Hospitality, LLC, and Gayatri Hospitality, LLC (hereinafter collectively "the Owners"), held a commercial insurance policy with Employers Mutual Casualty Company (hereinafter "EMCC"). The policy covered the Jacksonian Inn, which was the subject of a mortgage held by First Bank and Trust (hereinafter "the Bank").

After the Jacksonian Inn suffered damage from Hurricane Katrina in 2005, the Owners submitted a claim under the policy to EMCC. EMCC denied the claim and filed a declaratory-judgment action against the Owners. In time, the parties resolved the conflict, and EMCC issued a settlement check payable to Maison Heidelberg, P.A., which represented the Owners during the litigation. Along with the check, EMCC enclosed a letter which was addressed to lawyer Maison Heidelberg and read, in relevant part:

> As I am sure you understand, the enclosed check is sent to you, in trust, on the conditions that (1) it will only be negotiated upon proper execution of the release by your client and upon your execution signifying your approval of the release and (2) upon your execution of a Final Agreed Order of Dismissal . . . .

Ultimately, Heidelberg disbursed the net proceeds of the settlement to the Owners. But when the Bank learned that EMCC had made out the settlement check to the Owners rather than to the Bank, which held a lien on the property, the Bank filed suit against EMCC.[2]

After the Bank instituted its lawsuit against EMCC,[3] EMCC filed a third-party complaint against the Owners.[4] In turn, the Owners filed a third-party complaint[5] against Heidelberg, P.A., and Niles, Bourque, Fontana and Rice, LLC (hereinafter collectively "Attorneys"), who had represented the Owners in EMCC's declaratory action. According to the Owners, "[t]he Settlement Agreement . . . required [the owners] to warrant that 'no other entity ha[d] any lien or

---

[2] EMCC Order at 1-2.

[3] Complaint [Docket No. 1].

[4] Third Party Complaint [Docket No. 23] of EMCC.

[5] Third Party Complaint of Gayatri Hospitality, LLC, Jackson Hospitality, LLC, Jayant Desai, Jayanti Chauhan, Jekishan Chauhan, Bharti Chauhan and Chancal Chauyhan [Docket No. 342] (hereinafter "Owners' Third-Party Complaint").

right to' the settlement proceeds."[6] Additionally, the Owners allege that "[t]he Settlement Agreement expressly required the signatories (including [the Attorneys]) to warrant that all of the terms had been 'fully explained to the Releasors and that the Releasors understand all of the implications thereof.'"[7] The Settlement Agreement also "required the signatories to warrant that it had 'been reviewed and expressly approved by the attorneys of record for the Releasors[.]'"[8]

The Owners' third-party complaint against the Attorneys states claims for (1.) indemnification from any judgment obtained by EMCC, (2.) negligence/professional malpractice, (3.) breach of the duty of good faith and fair dealing, (4.) breach of contract, and (5.) conspiracy.[9]

On April 21, 2011, the Attorneys moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10]

## STANDARD OF REVIEW

When a defendant moves for dismissal under Rule 12(b)(6), he challenges the legal viability of the plaintiff's claim without regard to the evidence offered in support thereof. Because the Attorneys' motion goes beyond a simple attack on the pleadings and addresses the substance of the Owners' evidence, it is not a proper Rule 12 motion.

---

[6] Owners' Third-Party Complaint at 6 (emphasis omitted).

[7] Owners' Third-Party Complaint at 6 (quoting Settlement Agreement).

[8] Owners' Third-Party Complaint at 6 (quoting Settlement Agreement).

[9] Owners' Third-Party Complaint at 7-9.

[10] Motion to Dismiss Third-Party Complaint [Docket No. 357].

The Owners contend that this approach demands dismissal of the motion,[11] but such a drastic measure is unnecessary. The Rules themselves provide that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[12] Therefore, the Attorneys' request for dismissal is more properly characterized as a motion for summary judgment, and it will be evaluated as such.

Although motions for summary judgment are filed frequently, not every case is suitable for such disposition. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] When confronted with these motions, this Court focuses on "genuine" disputes of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgement, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party."[14] A fact is material if it is one which might affect the outcome of the suit under the governing law. Factual disputes that are irrelevant or unnecessary will not be considered.[15] Likewise, unsubstantiated assertions

---

[11] Response to Motion to Dismiss Third-Party Complaint [Docket No. 361] (hereinafter "Owners' Response") at 3.

[12] Fed. R. Civ. P. 12(d).

[13] Fed. R. Civ. P. 56(a).

[14] *Zisman v. Mason*, 2008 WL 879726, *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

[15] *Id*.

are not competent summary judgment evidence.[16]

The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and refrain from making credibility determinations, and it must not weigh evidence or draw from the facts legitimate inferences for the movant.[17] This Court is ever mindful that although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits."[18]

Moreover, when evidence presents "fact[s] amenable to more than one interpretation,"[19] then the record contains a genuine issue of material fact that must be left to a jury.

## ANALYSIS

According to the Attorneys, the Owners' deposition testimony demonstrates that "they knew what a loss payee was, what rights a loss payee has, knew that the Bank was a loss payee in the EMCC policy and that the Bank was entitled to policy proceeds per the terms of the EMCC policy."[20] In the Attorneys' view, these "admissions" demonstrate that the Owners were actively negligent in their conduct toward EMCC and, therefore, that the Owners are not entitled to indemnity. Additionally, the Attorneys contend that without a valid claim for indemnity, the

---

[16] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

[17] *Strong v. Dept. of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).

[18] *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989); *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991).

[19] *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1032 (5th Cir. 1982).

[20] Memorandum in Support of Motion to Dismiss Third-Party Complaint [Docket No. 358] (hereinafter "Attorneys' Memo") at 3.

5

Owners are unable to state a valid third-party claim under Rule 14(a) of the Federal Rules of Civil Procedure, which requires that "a third-party claim . . . be for some form of derivative or secondary liability of the third-party defendant to the third-party plaintiff."[21]

The Attorneys are correct that under Mississippi law, when common-law indemnity is the only available species, "[o]ne who is him or herself at fault is not due indemnity, because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly be the indemnitor."[22] In the case at bar, neither party suggests that the Owners enjoy a statutory or contractual right to indemnity. Therefore, if the record contained no genuine issue of material fact as to whether the Owners were free of fault, then summary judgment would be appropriate.

But the evidence before the Court illustrates that this issue is in dispute. In support of its motion, the Attorneys point to deposition testimony wherein, they claim, the Owners admitted that the knew full well at the time of settlement that First Bank was entitled to receive the settlement check. Specifically, the Attorneys submitted excerpts from the deposition of one of the Owners, Jayantilal Chauhan, whose testimony contained the following colloquy:

> Q. Okay. So you understood that if there was a claim made on the insurance policies covering the Jackson Hospitality properties, that First Bank was supposed to be a loss payee named on the policy; right?
> A. Yes.
> Q. So that means, to you, that if there was a payment made on the policy, they were supposed to be on the check, right?
> . . .

---

[21] *Neal v. 21st Mortg. Corp.*, 601 F. Supp. 2d 828, 830 (S.D. Miss. 2009) (Lee, J.) ("Typically, this requirement that the third-party claim be for derivative or secondary liability is met by an allegation of a right of indemnity, contribution, subrogation or warranty.").

[22] *J.B. Hunt Transp., Inc. v. Forrest Gen. Hosp.*, 34 So. 3d 1171, 1174 (Miss. 2010).

6

A.      I think my understanding is that money has to go for repair.

. . .

Q.      Okay. All right. Do you know what the – the words "loss payee" means [*sic*] on a policy?

A.      In general, I guess. I'm not too clear-cut on that, yes.

. . .

Q.      So what I'm asking you is don't you understand that to mean that the payor is supposed to include the loss payee's name on a check?

A.      Well, I can't answer the question. You know, if it is written on the policy, I would expect that, yeah.[23]

In the view of the Attorneys, this testimony establishes conclusively that Chauhan and the Owners "knew what rights the Bank had when it allegedly misrepresented that no other insurance company or other entity whatsoever has any lien or right to any of the [settlement] amount . . . ."[24] For that reason, the Attorneys contend that the Owners are not altogether free of fault and not entitled to indemnity – and, therefore, that they Owners have not stated a valid third-party claim.

Naturally, the Owners take a starkly different view of the testimony at issue. According to the Owners, the Chauhan's testimony "make[s] perfectly clear" that Chauhan did not know "what the term 'loss payee' means . . . ."[25]

In truth, Chauhan's testimony is somewhat ambiguous. But on a motion for summary judgment, the Court must view the available evidence in the light most favorable to the non-movant. Taking such a view of the deposition testimony at issue leaves no doubt that a genuine issue exists as to whether the Owners knew what the Attorneys claim they knew. If Chauhan had testified clearly and beyond any dispute that he understood his obligations and consciously

---

[23] Exhibit A to Motion to Dismiss Third-Party Complaint [Docket No. 357-1] at 3 (excerpts at pages 86-88) (hereinafter "Chauhan Excerpts").

[24] Attorneys' Memo at 12 (quotations omitted).

[25] Owners' Reply at 6.

ignored them, then perhaps the Attorneys would be entitled to the relief they seek. But it cannot be argued seriously that the statement "I'm not too clear-cut on that, yes," clearly evinces anything at all. Conflicting interpretations of evidence are classic issues of fact, and this question of fact should be left to a jury.

The Attorneys also argue that the Owners' malpractice claim is, in truth, a contribution claim. "Under Mississippi law, a defendant has no right to implead a third-party in order to seek contribution from a joint tortfeasor who has not been sued by the plaintiff."[26] But that is not the issue at hand. The Owners have sued their Attorneys for malpractice committed *against the Owners*; this tort stands free and separate from any tort committed by the Owners against EMCC or the Bank, and it springs from an entirely distinct duty of care that, allegedly, stands breached (namely, the duty owed by the Attorneys to the Owners, rather than any duty collectively owed by the Attorney and the Owners to another entity).

Moreover, the Attorneys' argument that the malpractice claim is actually a contribution claim rests entirely on a flat statement.[27] The Attorneys offer no authority in support of the proposition that a malpractice claim stemming from a botched settlement is, in fact, a claim for contribution. The Court is not persuaded by the contention and, moreover, is not obligated to consider arguments offered without the support of authority.

## CONCLUSION

Both arguments advanced by the Attorneys are uncompelling. A genuine issue of material

---

[26] *Neal v. 21st Mortg. Corp.*, 601 F. Supp. 2d 828, 830 (S.D. Miss. 2009) (Lee, J.).

[27] Attorneys' Memo at 13 ("The Owners' tort claims for malpractice are claims for contribution; therefore, those claims are improper third-party claims as a matter of law.").

fact exists as to whether the Owners understood the matters contained in the Settlement

Agreement, and therefore, the indemnity claim is not ripe for summary judgment. Also, the

malpractice claim against the Attorneys stems from a duty distinct from any duties owed

collectively by the Attorneys and Owners and, therefore, is not a claim for contribution against a

joint tortfeasor.

Of course, it should go without saying that the Court's ruling is restricted to the issues

raised by the Attorneys' motion. If other grounds for judgment as a matter of law exist, such as

an absence of expert testimony under circumstances in which it is necessary,[28] then such matters

are not before the Court.

The Motion to Dismiss Third-Party Complaint is denied.

SO ORDERED this Seventeenth day of October 2011.


  /s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[28] *See McLeod v. Jackson*, 829 So. 2d 722, 725 (Miss. Ct. App. 2002) ("It has . . . been required that the person alleging malpractice present expert testimony of a legal professional to prove any deviation from the expected standard of care or other basis of the claim."). *See also Pierce v. Cook*, 992 So. 2d 612, 617-18 (Miss. 2008) (discussing exceptions to "the general rule that expert testimony is required in a legal malpractice claim").